IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV176-MU

| | |
|---|---|
| DARIN C. SIMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN SLAWINSKI; NANCY ENSTINE,<br>    Defendants. | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to the Federal Tort Claims Act filed April 17, 2008 (Doc. No. 1.) Plaintiff contends that Steven Slawinski [1] and Nancy Enstine [2] violated his rights. Plaintiff is not clear exactly how these defendants violated his rights as he mentions that the has been "harassed by authorities as well as [his] own family about [his] almost being murdered." Plaintiff goes on to say that the "truth [has been] hidden about it. This incident now of me being held in a federal facility without due process or cause and no rights or proper authority proves them hiding the truth and incompetence and being the lying ones." (Complaint at 4.) By way of relief, Plaintiff aks for monetary damages in the amount of eight million dollars per year for each of the past fourteen years. (Complaint at 5.)

The Federal Tort Claim Act ("the FTCA") permits actions for damages against the United

---

[1] Plaintiff contends that Steven Slawinski was a federal defender appointed to represent him fourteen years ago.

[2] Plaintiff contends that Nancy Enstine was a former state judge and is now a lawyer.

States for injuries caused by the tortious conduct of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law. See 28 U.S.C. § 1346(b).

There are several reasons that Plaintiff's Complaint must be dismissed. First, Plaintiff has not named the United States as a party to this suit. Next, Plaintiff has not articulated any tortious conduct by any employee of the United States and finally, the defendants named in Plaintiff's Complaint, do not appear to be federal employees. Furthermore, Plaintiff's claim is likely barred by the statute of limitations.[3] Gould v. United States Dept. Of Health and Human Services, 905 F.2d 738 (4th Cir. 1990) (claim accrues when plaintiff knows of, or in exercise of due diligence, should know both existence and cause of his injury.) Moreover, Plaintiff's claims are totally unsupported, conclusory allegations which appear to be "fantastic" and "nonsensical" Neitzke v. Williams, 490 U.S. 319, 328 (1989); Adams v. Rice, 40 F.3d 72, 74 (1994). For all of these reasons , Plaintiff's Complaint must be dismissed for failure to state a claim for relief.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

---

[3] Tort claim is barred unless presented in writing to appropriate federal agency within two years after claim accrues or unless action is begun within six months after final agency action.

**SO ORDERED**.

Signed: May 2, 2008

Graham C. Mullen
United States District Judge